# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Darnell Dixon,<br><br>　　　　Movant/Defendant,<br><br>v.<br><br>United States of America,<br><br>　　　　Respondent/Plaintiff. | No. CV-16-04590-PHX-SRB (BSB)<br>　　　CR-09-00516-PHX-SRB<br><br>**REPORT**<br>**AND RECOMMENDATION** |

On June 24, 2016, Movant/Defendant James Darnell Dixon (Defendant) filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, after receiving permission from the United States Court of Appeals for the Ninth Circuit to file a second or successive § 2255 motion. (Doc. 3.)[1] On March 15, 2017, the government filed a motion to stay this matter pending the Ninth Circuit's decision in *United States v. Begay*, No. 14-10080 (9th Cir. Feb. 20, 2014), and the United States Supreme Court's decision in *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), *cert. granted*, 2016 WL 3232911 (Sept. 29, 2016) (No. 15-1498). (Doc. 6.) Defendant opposes the motion for stay. (Doc. 9.) As set forth below, the Court recommends that the motion to stay be granted.

---

[1] Citations to "Doc" are to filings in the *Dixon v. United States of America*, CV-16-04590-PHX-SRB (BSB). Citations to "CR Doc." are to filings in *United States of America v. Dixon*, CR-99-00516-PHX-SRB.

**I.     Background**

On July 14, 2010, Defendant pleaded guilty to of one count of bank robbery in violation of 18 U.S.C. § 2113(a), five counts of armed bank robbery in violation of 18 U.S.C. § 2113(a), and one count of using a firearm during and in a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). (CR Docs. 70, 76.) On November 2, 2000, the Court sentenced Defendant to sentences of 180 months' imprisonment on the bank robbery and armed bank robbery convictions, with those sentences to run concurrently, and to a sentence of 120 months' imprisonment on the § 924(c) conviction, to run consecutively to the sentences on the other counts. (CR Doc. 74.)

In his pending Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, Defendant asserts that his § 924(c) conviction is unconstitutional under *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), because bank robbery and armed bank robbery no longer qualify as "crimes of violence" as defined by § 924(c)(3). (Doc. 3 at 33.) In *Johnson*, the Supreme Court held that the residual clause in the definition of a "violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B) (ACCA), is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557. Defendant argues that his sentence under 18 U.S.C. § 924(c)(1)(A)(iii) is unconstitutional under the reasoning of *Johnson*. (Doc. 3 at 34-35.)

As previously stated, the government requests a stay in this matter pending the Supreme Court's decision in *Lynch v. Dimaya*, No. 15-1498 (cert. granted Sept. 29, 2016), and the Ninth Circuit's decision in *United States v. Begay*, No. 14-10080. (Doc. 6.) *Begay* has been fully briefed and argued, and was submitted for decision on May 26, 2016. *Begay*, 14-10080 (Doc. 77.) In *Begay,* the Ninth Circuit is expected to address whether second-degree murder is a crime of violence for purposes of a § 924(c) conviction and how *Johnson* impacts the analysis. The Supreme Court has granted certiorari in *Dimaya*, No. 15-1498. In that case, the Supreme Court is expected to decide whether the residual clause of 18 U.S.C. § 16(b), which is identical to the residual clause of § 924(c)(3)(B), is unconstitutional under the reasoning of *Johnson*.

## II. Analysis

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). The court must weigh competing interests, including "the possible damage which may result from the granting of stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d at 268 (9th Cir. 1962)). If there is "a fair possibility" that the stay will cause prejudice to the opposing party, the party seeking the stay "must make out a clear case of hardship or inequity." *Id.* (quoting *Landis*, 299 U.S. at 255). In habeas cases, "special considerations" are implicated "that place unique limits on a district court's authority to stay a case in the interests of judicial economy." *See Yong v. INS*, 208 F.3d 1116, 1120 (9th Cir. 2000).

The government argues that staying this matter would promote judicial efficiency and consistency. (Doc. 6 at 5.) The government asserts that rulings in *Begay* and *Dimaya* will resolve or clarify several issues in this case that would otherwise require litigation by the parties. (*Id.* at 7.)

Defendant argues that a stay pending a ruling in *Begay* is unwarranted because the issue in that case is different from the issue presented in his case. Defendant argues that *Begay* the categorization of second-degree murder as a "crime of violence" under § 924(c)(3) depends on whether a crime that can be committed recklessly involves the intentional use of violent force, as described in *Fernandez-Ruiz v. Gonzalez*, 46 F.3d 1121, 1132 (9th Cir. 2006). (Doc. 9 at 5.) Defendant argues that the issue in his case is whether the violent physical force that is a prerequisite for categorization of a crime as a "crime of violence" is present at all. (*Id.*) Defendant also asserts that a stay pending the outcome of *Dimaya* is unwarranted because the Court is bound by that Ninth Circuit precedent until the Supreme Court issues its own opinion. (Doc. 9 at 5 (citing *Hart v*

*Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001).)  The government did not file a reply and, therefore, did not oppose Defendant's arguments on these issues.

The Court, however, finds that *Dimaya* and *Begay* could resolve issues that are before the Court in this § 2255 matter and, therefore, a stay could promote judicial economy.  However, the Court must also consider whether a stay would substantially injure the parties interested in the proceeding.  *Hinton v. Braunskill*, 481 U.S. 770, 776 (1987).  Defendant was sentenced to a total of 300 months' imprisonment on his bank robbery, armed bank robbery, and § 924(c) convictions.  (CR Doc. 74.)  The Bureau of Prisons lists his current release date as March 3, 2022.  (Doc. 6 at 12.)  Defendant asserts that he could be immediately released if the Court vacated his § 924(c) conviction.  (*See* Doc. 9 at 7.)  The government did not file a reply to Defendant's response and, therefore, it has not contested this assertion.  Nonetheless, Defendant's argument assumes that this case and any subsequent appeal would be resolved before the end of the current Supreme Court term, June 2017, when the Court will likely issue a decision in *Dimaya*.  Considering this unlikely timeline, the Court concludes that a stay of this matter would not prejudice Defendant.  The Court, therefore, recommends that the motion to stay be granted.

Accordingly,

**IT IS RECOMMENDED** that the government's motion to stay (Doc. 6) be **GRANTED.**

This Report and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment.  The parties have fourteen days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72.  The parties have fourteen days within which to file a response to the objections.  Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the

Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 2nd day of May, 2017.

Bridget S. Bade
United States Magistrate Judge