**NOT FOR PUBLICATION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Julius Darnell Dixon,<br><br>    Movant/Defendant,<br><br>v.<br><br>United States of America,<br><br>    Respondent/Plaintiff. | No. CV-16-04590-PHX-SRB<br>CR-99-00516-PHX-SRB<br>**ORDER** |

Pending before the Court is Respondent United States of America's ("Respondent") Motion to Vacate Stay and Motion to Dismiss Movant's § 2255 Motion ("Mot.") (Doc. 15). Respondent filed the instant Motion on April 5, 2018, asserting that the previously imposed stay of proceedings concerning Movant's armed robbery conviction under 18 U.S.C. § 924(c)(1) is no longer necessary. (Mot. at 1.) Movant filed his Response ("Resp.") (Doc. 16) on April 14, 2018.

The Magistrate Judge issued a Report and Recommendation on August 15, 2018, recommending that the previously imposed stay be lifted, and that Movant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 be denied and dismissed with prejudice. (*See* Doc. 25, R. & R.) The Report and Recommendation further recommended that the Court deny a certificate of appealability and leave to proceed in forma pauperis because Movant failed to make a substantial showing of the denial of a constitutional right. Movant filed his Objections to the Report and Recommendation on August 24, 2018. (*See* Doc. 26, Obj. to R. & R. ("Obj.").) Having reviewed the record de

novo, the Court overrules Movant's Objections and grants Respondent's Motion.

## I. LEGAL STANDARDS

A federal prisoner may seek relief under 28 U.S.C. § 2255 if his sentence was "imposed in violation of the United States Constitution or the laws of the United States, . . . was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). When a prisoner moves for post-conviction relief, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a movant files timely objections to the report and recommendation, the district court must make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *Id.*

## II. DISCUSSION

In the underlying criminal matter, Movant pleaded guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a), five counts of armed bank robbery in violation of § 2113 (a) and (d), and one count of use of a firearm during and in relation to a crime of violence – armed bank robbery in violation of § 924(c)(1). (CRDocs. at 70, 76.)[1] Movant was sentenced to a total of 300 months' imprisonment. (*Id.* at 74.)

In his § 2255 Motion, Movant claims that his § 924(c) conviction must be vacated as his predicate bank robbery offenses no longer qualify as crimes of violence within the meaning of § 924(c)(3)(A) and (B), and the residual clause of § 924(c)(3)(B) is unconstitutionally vague under *Johnson v. United States*.[2] (Doc. 3, Mot. to Authorize Successive Appl. for Relief Under 28 U.S.C. § 2255 ("§ 2255 Mot.") at 7; CRDoc. at 134.) Before addressing the merits of Movant's claim, Respondent argues that the previously imposed stay to await the Supreme Court's decision in *Lynch v. Dimaya* (now *Sessions v.*

---

[1] The documents in the underlying criminal matter will be referred to as "CRDoc."
[2] 135 S. Ct. 2551 (2015). The *Johnson* II Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), violated the Constitution's guarantee of due process by denying fair notice to defendants and inviting arbitrary enforcement by judges. *See id* at 2557–58. (*Johnson* I was decided in 2010; *Johnson* II, cited by Movant, was decided in 2015.)

*Dimaya*) and *United States v. Begay* is no longer required.[3] (Mot. at 3.) Respondent is correct. *Dimaya* has been decided and does not form a basis for relief. And a continued stay to await a decision by the Ninth Circuit in *Begay* is unnecessary, as there is now binding Ninth Circuit precedent directly addressing Movant's claims. The Ninth Circuit, in *United States v. Gutierrez*, recently reaffirmed prior precedent holding that "bank robbery by intimidation . . . requires at least an implicit threat to use the type of violent physical force necessary to meet the *Johnson* [I] standard."[4] Shortly thereafter, in *United States v. Watson*, the Ninth Circuit held that armed bank robbery is a crime of violence under § 924(c). 881 F. 3d 782, 786 (9th Cir. 2017), *reh'g en banc denied*, No. 16-15357 (Mar. 29, 2018) ("Because bank robbery 'by force and violence, or by intimidation' is a crime of violence, so too is armed robbery.").

In response, Movant misguidedly relies on *United States v. Parnell*, which fails to rescue his argument in favor of continuing the stay for two reasons.[5] (Resp. at 2.) *Parnell* pre-dates both *Gutierrez* and *Watson*, portending that whatever conflict Movant seeks to tease out is now in the law moot. Second, *Parnell* does not analyze the federal bank robbery statute, but instead analyzes a Massachusetts robbery statute in conjunction with the ACCA. *See* 818 F.3d at 979. *Parnell* explains that with respect to the actual force prong of robbery under Massachusetts law, the degree of force used is immaterial (so long as the victim is aware of it). *See id.* at 978. Such force, therefore, does not satisfy the requirement of physical force under the ACCA. *Id.* at 981; *see also id.* at 979.

In the alternative, Movant requests that the Court grant a certificate of appealability for the reasons set forth in *United States v. Dawson*.[6] (Mot. at 3.) In *Dawson*, the District Court found a tension between the Ninth Circuit's holding in *Watson* [that when a defendant negligently intimidates a victim, he may not be convicted of bank robbery], and

---

[3] 138 S. Ct. 1204 (2018); No. 14-10080 (9th Cir. filed Feb. 20, 2014).
[4] 876 F.3d 1254, 1257 (9th Cir. 2017), *reaff'g*, *United States v. Selfa*, 918 F.2d 749 (9th Cir. 1990). "A defendant cannot put a reasonable person in fear of bodily harm without threatening to use 'force capable of causing physical pain or injury.'" *Id.* (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010)).
[5] 818 F.3d 974 (9th Cir. 2016).
[6] *See* 300 F. Supp. 3d 1207, 1210 (D. Or. 2018).

previous Ninth Circuit opinions on the mens rea requirement for a bank robbery conviction. 300 F. Supp. 3d at 1210. However, both cases cited in *Dawson* (and referenced by Movant), *United States v. Foppe* and *United States v. Yockel*, were decided long before *Johnson*, *Gutierrez*, or *Watson*. And, more importantly, both cases do not directly speak to the question presented in Movant's § 2255 Motion, namely, whether bank robbery constitutes a crime of violence under the "force clause" of § 924(c).

## III. CONCLUSION

Because *Gutierrez* and *Watson* are binding authority, the Court concludes that the question motivating the continued stay in Movant's underlying criminal proceedings is no longer pending. The Court overrules Movant's Objection and grants Respondent's Motion. The Court further denies and dismisses Movant's § 2255 Motion with prejudice.

Additionally, because this Court denies and dismisses Movant's constitutional claims on the merit, and because Movant has not demonstrated that "reasonable jurists would find the [Court's] assessment of the constitutional claims debatable or wrong," the Court overrules Movant's Objections and denies his request for a certificate of appealability.[7] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS ORDERED** overruling Movant's Objections to Magistrate Judge's Report and Recommendation (Doc. 26).

**IT IS FURTHER ORDERED** adopting the Report and Recommendation of the Magistrate Judge (Doc. 25).

**IT IS FURTHER ORDERED** that the previously imposed Order staying this matter be lifted. (Doc. 12.)

**IT IS FURTHER ORDERED** denying and dismissing Movant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 with prejudice (Doc. 3).

**IT IS FURTHER ORDERED** denying a Certificate of Appealability and leave to proceed in forma pauperis on appeal because Movant has not made a substantial showing

---

[7] Although Movant cites to several pre-*Watson* cases to imply tension between *Watson* and in-Circuit, out-of-Circuit, and Supreme Court case law, such citations are not ultimately persuasive, most significantly, because *Watson* directly addresses the question at issue. (Obj. at 7–15.)

of the denial of a constitutional right.

**IT IS FURTHER ORDERED** directing the Clerk to enter judgment.

Dated this 6th day of December, 2018.

_____
Susan R. Bolton
United States District Judge